IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-16-0129 |
| TAVON HOLMES, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Tavon Holmes' Motion for Compassionate Release (ECF No. 66). For the reasons that follow, the Motion will be denied.

### I. Background

Holmes pleaded guilty to conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (ECF No. 25.) In the plea agreement, the Government took the position that Holmes qualified as a career offender, and Holmes noted that he would argue that he is not a career offender. (*Id.* at 4.) The parties also agreed to make a joint recommendation to the Court of no less than 96 months' imprisonment and no more than 144 months' imprisonment. (*Id.* at 5.)

During his August 24, 2017 sentencing, the Court concluded that Holmes qualified as a career offender. (ECF Nos. 52, 59.) The Court determined that Holmes had a Criminal History Category of VI and an Offense Level of 29, which provided an advisory Guidelines range of 151 to 188 months. (ECF No. 59 at 18–19.) The Court imposed a 126-month prison sentence. (ECF No. 53.)

### II. Analysis

Holmes argues that he would not be considered a career offender today, pursuant to the

Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), and the Government agrees. While Holmes argues that this warrants a reduction in his sentence, the Government disagrees. The Court concludes that Holmes' Motion must be denied.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable." Prior to filing a motion for compassionate release, a movant is required to exhaust his administrative remedies. *See United States v. McCoy*, 981 F.3d 271, 283 (4th Cir. 2020).

As an initial matter, Holmes has not exhausted his administrative remedies. Indeed, nothing in Holmes' Motion for Compassionate Release suggests that he has exhausted his administrative remedies, and the Government has provided documentation that reflects that the Bureau of Prisons does not have a record of any request by Holmes to reduce his sentence. (ECF No. 74-3.) On this basis alone, Holmes' Motion must be denied. *See United States v. Bacon*, 859 F. App'x 678, 678 (4th Cir. 2021) (affirming dismissal of compassionate release motion based on a failure to exhaust administrative remedies).

Setting that aside, and even assuming for purposes of the pending Motion that Holmes has established extraordinary and compelling reasons warranting his release, the Court concludes a 126-month sentence continues to be the sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing.

In initially imposing the 126-month prison sentence, the Court explained that "[t]his is the sentence that I would have imposed in this case regardless of whether or not the defendant was a career offender." (ECF No. 59 at 58; *see also id.* at 59 ("The point is to say that when all of the 3553(a) factors are taken into account, the Sentencing Guidelines become a less significant

2

consideration. And this is the sentence that I would deem appropriate regardless of his status as a career offender or not as a career offender."); *id.* at 3 ("[T]he record should reflect that my observation at the outset is that the resolution of this technical question [of whether Holmes was a career offender] is very unlikely to have any significance, whatsoever, in terms of what sentence is ultimately imposed in this case.").)

The Court adopts its analysis of the § 3553(a) factors from the sentencing hearing, and finds it equally applicable today. (*See id.* at 52–60.) The Court pauses to highlight three factors: the history and characteristics of the defendant; the nature and circumstances of the offense; and the need to protect the public. Here, Holmes has a significant prior criminal history, even if he no longer qualifies as a career offender, and he possessed a firearm at the time of the instant offense when he was prohibited from doing so. These are the factors that largely drive the Court's conclusion today. In short, the Court concludes that the reasoning that animated its conclusion that a 126-month sentence was appropriate at the time that it sentenced Holmes continues to hold true today.

### III. Conclusion

For the foregoing reasons, it is ORDERED that Holmes' Motion for Compassionate Release (ECF No. 66) is DENIED.

DATED this 23 day of September, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge